I want to start out just by setting a couple of background facts which I think I would like the court to keep in mind throughout the discussion as I think that they are key to understanding everything here. The first fact is that what the IRS issues is summons asking broadly for corporate documents and financial documents, not for corporate documents of a specific entity or financial documents from a specific account. Second fact is the district court ordered Ms. Ali to produce financial records and corporate records only to the extent that they were held in her representative capacity. The third is that she produced corporate records and she produced financial account records. The IRS moved for contempt not based on, as is in the typical case, you have served an order to produce and you produce nothing. Here she produced. How many documents in total? Four? No, Your Honor. It was several thousand pages of documents. Several thousand pages of documents. Yes. I don't know the exact number offhand, but I know that it was over a thousand. And as I said, part of the point here is... And she, of course, testified that she had no other documents, right? No, she didn't testify. She did not testify at the hearing. She did testify at... She was under oath? Yes. Where? An interview with the IRS. With an interview with the IRS. She was under oath after this order had been issued? Before the enforcement order was issued. And what she testified to was that she... Well, let me give you the whole picture. She testified at a certain point in the deposition she pleaded the fifth. At a later point, she testified that she did not have any foreign bank accounts. Under oath? Under oath, yes. Before the IRS, but not after this order? Not after this order, correct.  She did not. That's correct. No one testified? Correct. There was no affidavit from her, right? There was not. Okay. This Court's jurisprudence is clear regarding the moving party's burden on contempt. And that is, the moving party has a burden on everything, including that there was a violation of the order. Now, if she had produced nothing, okay. She produced nothing. But your position can't be that producing some documents, if there are other documents, is complying with the order. That can't be. I... You're required by the order to... I do not... To submit all the documents. I do not disagree one bit, Judge Motz. Okay. But the question is, though, what do you have to prove? If the respondent produced some documents, how do you prove that there were other documents that she didn't produce? And on that, essentially, the District Court shifted the burden to her to prove that... I mean, there's a little bit of confusion about the burden, but why wouldn't... I mean, the government's... The movement here, with its production order and its enforcement order, so maybe the government would bear the burden in that sense. But there's another reason you might want to bear... You might have to bear the burden, and that is that these documents, presumably, are in your possession. At least they're certainly not in the government's possession. And the government doesn't know what you have and what it doesn't have, and it would involve an enormous consumption of resources to try to independently establish, you know, what documents you had in your possession, what documents you didn't have in your possession, where those documents were and everything. And so the whole law of subpoenas imposes on the recipient of the subpoena a certain obligation to comply with the terms of the subpoena. And what I'm struggling with here is I thought what was produced was, to put it charitably, rather skippy. And there is all sorts of evidence indicating that she has an involvement with these corporations whose records were sought, and that she has a number of foreign accounts, and she has an interest in those, and an involvement with the corporations to the extent of being a corporate officer. And yet, we just get this sort of thread there, give it like a promise kind of response. And when there's evidence that she knows a lot more about these records than she's letting on. She was a secretary to one of these corporations, wasn't she? A secretary is a custodian of the records, isn't she? She was a former secretary of two of the corporations, which were subsidiaries of a holding company. And there's evidence in the record that shows that basically these corporations acted by unanimous consent each year by the two principals of the company, which were her relatives. Look, all she had to prove was that she'd taken all reasonable steps to comply with the order. That's all the district court required of her. That's all she was required to prove. And in proving that, she offered absolutely nothing. She had some argument by you, which I'm sure was excellent. But that's not, as the district court said, that's not evidence. But the question is, why was the burden on her to begin with? Once the order had been issued, that's the law. The government had to show that she had not done this. It did. It showed that it was four things that she could have done that she had not offered. It met its burden. Then you had to say, oh yes, we have taken all reasonable steps. And here is our evidence. Our argument is that she doesn't have to establish that until the government first proves its prima facie case, including that there were other documents that are in existence. Well, the same way the government tried to prove it, but just with more evidence. Well, there's an abuse of discretion standard we're up here under, aren't we? We are, in terms of the overall decision. But again, our contention is that there's an abuse of discretion with respect to the civil contempt order. And in this particular context, the abuse of discretion standard would seem to be there for a reason. We know that a lot of, you can take judicial notice, I suppose, that a number of delinquent taxpayers are going to stonewall. And the abuse of discretion standard in this particular context has some meaning because it gives the trial judge some degree of latitude, not to be arbitrary, of course, but some degree of latitude in enforcing the production order. Because these situations do actually generate a great amount of resistance and stonewalling. And it's important, it seems to me, not to undercut the efforts of trial courts to break through this kind of resistance. And so the abuse of discretion standard over above into general utility seems to have a particular utility in this kind of case. What I would say, Judge Wilkinson, is that the abuse of discretion standard assumes that the trial court applied the correct legal standard. And that is the bulk of our argument that that didn't occur here. Because rather than, because I mean, the district judge on the record stated to ask the government, do you have good faith basis to believe there's some other accounts out there? And that was a basis for... I was confused about something, and I'm prepared to say that the confusion is my fault. I thought in reading the briefs that there was a total of four pages of documents produced. Maybe... But you denied that. You said there are thousands. Yes, and you said that there were thousands. There's a discrepancy between four pages and thousands. So what's the deal? The... The four pages, I believe, were what the IRS said we produced, which was in respect to a corporation, not overall of the production. Well, how did this thousands get in there? Because the summons related to both foreign and domestic accounts, as well as corporations. And we produced all the records for all the accounts that she was able to locate, which included many, many pages of account records. And including ones that showed all the transfers she received and all of her financial transactions domestically during the relevant time period. So what's your... Accepting that for the moment, you did say that she produced only four documents relating to corporations. And what's your explanation for that paltry production, given that, as Judge Wilkins pointed out, she was at some point the secretary of one or more of these corporations? She was the titular head of a subsidiary... Not a head, sorry, secretary of a subsidiary corporation of a holding company owned by her family. She was put there because she was a United States president. There were no meetings. As I said, in the record, there are documents showing that all the decisions were made by... They had one unanimous consent per year. But that doesn't really respond to the question. Is there any indication that she was prevented from accessing the documents that she had requested?  Well, given the familial relationship, why would that have been a problem? You'd have to ask them, but... You'd have to ask who? Her. If we ask her, though, then we have a problem with her Fifth Amendment privilege. Because she can be cross-examined when she testifies. You had a right, and indeed you noted an appeal on the Fifth Amendment issue, and then you dismissed the appeal. That issue is gone from this case. Well, the issue of whether it prevents her from having to produce is... I candidly admit we can't dispute that the judge's order requiring her to produce documents is... We can't dispute that anymore. But your position is, okay, we can't claim a Fifth Amendment privilege with regard to producing these documents, but we can still claim a Fifth Amendment privilege with regard to her testimony as to why she can't produce these documents? Yes. And we have case law that supports that. Okay, well, go with God, then. You can be pursuing that after this case is over, if you think that's a viable... That's not going to help you here, though. Okay. I'm going to, unless there's a question, I'm going to reserve the remainder of my time. So you heard, counsel, how we ended here. So what are next steps? Yes, Your Honor. There has been communication to include the exchange of information documents between the IRS and Ms. Ali since the contempt order was entered. So she now has complied with the contempt order? She has more fully complied than she had at the time. The government still has serious concerns about that production and may have to seek further sanctions if those are not remedied. So the case is... Is the case moved? No, Your Honor. The government believes that Ms. Ali is still in contempt and that it may have to seek further sanctions against her. Isn't she under an order to be paying a certain amount of money per day? Yes, Your Honor. She has been paying the $500 a day, which is supposed to motivate her to fully comply with the summons, and we don't believe that she's reached that point yet. And she's still paying the $500 a day? Yes, Your Honor. So she's still under the civil contempt order? Correct, Your Honor. Yes. Has there been any subsequent steps to compliance that would supplement the record here or that would be sort of targeted? There have been supplemental productions of documents, but the problem is that some of those documents raise more questions than they answer. And so, for example, there have been disclosures about additional entities that are not discussed in the record in which Ms. Ali had an involvement. There have been disclosures about additional accounts in which she might have an interest. But we don't believe that there has been full disclosure on those issues. For example, we got a letter from Ms. Ali's counsel saying that there was a particular account from which she did not receive any distributions but didn't address whether she actually had an interest in the account, didn't address whether there were any records related to the account that she could access. And so those are some of the concerns that are coming up piecemeal as she becomes more cooperative in producing documents. These are raising more questions. Ms. Ali has not made any claim that she has purged the contempt that the case has moved, correct? No, Your Honor. In either part, obviously Ms. Ali could go back to the district court at any point and request that the contempt be purged if she felt she had complied. She has not done so. We feel that the district court's holding that the record supported the finding of clear and convincing evidence of noncompliance with the production order is supported by clear and convincing evidence and manifestly so. And we believe that's supported by basically three factors. One is the implied findings and the assumptions that arose as a result of the enforcement order. That's also supported by the explicit findings that were made in the enforcement order, as well as the evidence, largely uncontroverted, that the government offered at the contempt proceeding. And I want to emphasize there was a discussion about documents that Ms. Ali produced. Can you put the microphone just a little closer? Perfect. Thank you. There was a discussion about the number of documents that Ms. Ali produced in response to the summons. With respect to foreign financial account records that she was required to maintain pursuant to the Bank Secrecy Act, she did not produce any documents for the time frame 2004 to 2011. Items 1A and 2A of the summons specifically and exclusively dealt with foreign financial records, and she did not produce any documents for that time frame to respond to the summons. She only produced a one-page letter dated 2013 after the period of summons, a letter from UBS stating that without the correct signature, it would not give her documents regarding the account. With respect to corporate records, she produced a total of three pages, one of which was a power of attorney for a corporation called Deerwood, and then there were two pages of correspondence that were from 1997 outside the scope of the summons. We would suggest that that is insufficient on its face in light of the evidence that was offered. She does say that she produced thousands of pages of documents, which is correct, but those were with respect to other categories that are not disputed in the contempt proceedings. Those were primarily related to domestic accounts for which she turned over a large number of documents. It is longstanding law that an enforcement order necessarily and implicitly carries with it a finding that the party being compelled has the ability to comply with that. That's what the Supreme Court said in Maggio v. Zeitz. That's what the Supreme Court said in Rylander. That's what this court said in Butler. In the summons enforcement context specifically, this means that the taxpayer has possession or control of the records sought and is presumed to have continuing possession or control of the documents that are being sought. Again, that's what the Supreme Court said in Rylander, and that holding has been echoed by the First Circuit, the Fifth Circuit, the Eighth Circuit, and the Eleventh Circuit. The requirement that the government specifically establish possession of documents at the contempt stage is an argument that was raised by Justice Marshall in the Rylander case, in the dissent. That is not the governing law. Furthermore, in its enforcement order, the court made specific findings that Ms. Ali had documents responsive to foreign financial accounts and corporate records for two corporations. At 572 of the record, in its opinion enforcing the summons, the court said, by choosing to engage in transactions with foreign banks and entities that are covered by 31 CFR 1010.420, Ali consented to present the required records to the government if requested. And with respect to corporate records, at 578 to 579, the court held, Ali holds the records of White Pearl and Ridgetree in a representative, not a personal, capacity. With respect to foreign accounts, the government offered additional evidence at the contempt proceeding that Ms. Ali had records that she had not produced. As we mentioned, she produced no records of foreign financial accounts that were responsive to the summons. The government produced an account record from UBS for a financial account that was nominally held in the name of a Liptonsteinian trust called the Romulus Foundation. But, which identified Ms. Ali and her sister as the beneficial or equitable owners. In addition, Ms. Ali invoked her Fifth Amendment privilege when specifically asked whether she transferred funds from her foreign accounts into her own domestic accounts, whether she had an account at Deutsche Bank or Credit Suisse, and whether she ever discussed her foreign accounts with her tax representatives. Brother Counsel has correctly pointed out that Ms. Ali made a denial of having foreign bank accounts in her deposition testimony. However, it's important to note that that denial was limited to foreign bank accounts. It was very carefully worded to deny only having foreign bank accounts, not other foreign financial accounts that were covered by the summons, to include foreign brokerage accounts, to include foreign mutual fund accounts, to include foreign security accounts. And this does not appear to have been an accident, because it's the same precise and careful denial that was made by her attorney in a letter to government counsel at 660 of the record, where she denies that Melina Ali has foreign bank accounts, but does not make a denial as to other accounts that Ms. Ali might have an interest in. With respect to corporate records, the government produced evidence that at the time the summons was served, Ms. Ali was a corporate officer in two Virginia corporations, Rich Tree and White Pearl. And the reason why it's important that at the time the summons was issued, was served on her, that she had this representative capacity, is because this court in Darwin Construction has held that that is the relevant time period for establishing compliance with the summons. That at the time the summons is served, that fixes the party's obligations and responsibilities vis-a-vis the summons, and that the party has an obligation at that point to retain possession of the summons documents pending an order of enforcement by the district court. If I remember, the request, though, was far broader. It just generally talked about corporate records, period. So at what point, I mean, this may be an easy case, because if you only produce one page in response to a request, and you have some evidence that she was a secretary of at least two corporations, there's a presumption that there's more to be had. But at what point does it become problematic on the part of the taxpayer? If they produce records in response to a very broad request, does the government ever have a burden to show that a facially, what appears to be a facially sufficient production is not so? The government certainly always has the burden of showing a violation of the court's order. And we think that that's easily met here because, for example,  Ms. Alai produced no documents whatsoever for those entities, no explanation as to why there weren't any documents, and no discussion, no testimony or other evidence regarding any efforts to try to locate those documents. Obviously, if she had come forward with a fulsome production of corporate minutes, of orders that were signed by officers in the company, of other documents that would support a more fulsome production, or an explanation. In the Silvio case, from the Western District of Missouri, that Brother Counsel relies on in his reply brief, what happened in that case is, after the enforcement order was entered, after documents were produced, the taxpayers in the case sat down, under oath, and testified about their production efforts, saying that they had turned over all the documents that were in their possession, saying that they weren't aware of any other documents, and they didn't know where any other documents might be located. What efforts here have been made since the civil contempt order was put down to purge herself of the contempt? Yes, Your Honor. It's my understanding that Ms. Alai has done a number of things to include going to various financial institutions and seeking records, that she's been turning over some documents to the government, and that she's been in communication with trial counsel in the case about those steps. But as I indicated earlier, the concern is that some of these documents that have been turned over seem to be... Why were those additional documents, again, deemed insufficient to purge the contempt? Because they have holes on their face. For example, when she sent a letter to the government saying, Ms. Alai has received no distributions from the account held by this foreign trust. We say, well, that's interesting, but it's certainly incomplete. It doesn't indicate whether she has an interest in this foreign trust. The additional efforts to purge contempt, part of the record in this case, after the appealable order is the Civil Contempt Citation, correct? That's correct, Your Honor. Then are efforts after the appealable order that are made to purge the contempt of a part of the record in this case for us to consider? They are not, Your Honor. They're not part of the district court record. What's that? They're not part of the record. They're not part of the district court record at all, and certainly they would not have been before the court at the time that it issued its contempt finding. But the appellant has made no claim that she has purged the contempt. That's correct, Your Honor. And obviously she has the opportunity to go back to the district court judge at any time and seek relief from the contempt order if she believes that she's purged it. Can I ask you, you referred to one of the cases that the appellant heavily relied on in the reply brief, and I'd like you to talk to me about another one, which is that Smith case and its discussion of Rylander. Do you know what I'm talking about? Yes, Your Honor, vaguely. It's discussed in great detail on pages four and five of the brief, and the appellant maintains that it's just the long quote four and five of the reply brief. Yes, Your Honor. Sorry. Since you hadn't had a chance to reply to the reply brief, I thought I'd give you one here. I appreciate it, Your Honor. Thank you. So pages four and five. Indeed. Yes. And so the point, I think, that Ms. Elias is relying on Smith for is that the court did not address the question of whether a defendant could be forced to provide self-incriminating oral testimony in an enforcement proceeding. And this court has addressed that question in Butler. This court said that it would be possible for a defendant in an enforcement proceeding to take the stand and testify and say, I am broadly invoking my Fifth Amendment privilege. That being said, I would like to offer limited testimony on the subject of my lack of possession of documents, of my inability to comply with any enforcement order that would be entered. And this court suggested in Butler that that would not be a broader waiver of the Fifth Amendment privilege. So that's addressed to the question that the Eighth Circuit seemed to be wrestling with in Smith. We think that this court has addressed that. Of course, Ms. Elias did not choose to do so. She chose not to testify and solely relied on the Fifth Amendment privilege in offering really no evidence to. I thought maybe they were relying on the last sentence of the quote, which is on page five. As our opinion makes clear, a defendant may not be forced to testify under these circumstances. She may not be forced to testify at the enforcement stage, but the consequence of that may be a final, appealable order enforcing the summons or the subpoena, which is what happened here. She had a choice. Certainly the government did not make Ms. Elias get up on the stand during the enforcement proceeding. It did not force her to testify. She made a choice not to testify. The court respected that choice and did not order her to testify. But as a result, the enforcement order was entered and carried with it an implied finding of possession and continuing possession, a presumption of continuing possession. And having filed an appeal from that decision, from the enforcement order, and then having withdrawn the appeal from that enforcement order, she can no longer collaterally attack the merits of that enforcement order. What about the sentence before that, which is a direct quote? Rylander leaves open the question of whether to resort to the privilege against self-incrimination in a subpoena enforcement proceeding. Will she burden approving availability to the government? Because all of her pitch here seems to be that this was the government. The government didn't make its case. This is the government's burden. Inability to comply. Lack of possession are affirmative defenses. They are not part of the government's affirmative case in proving contempt or in enforcing the summons. These were issues on which Ms. Eli had the burden of proof, and it could not really be otherwise. The government can't come forward and definitively say, in most instances, the taxpayer definitively has these records. It has no way of knowing if the taxpayer should have. It can reasonably suggest that they would have had these records based on their role, based on their status, but there's no way for the government to definitively know that the taxpayer has set fire to the relevant documents or information. There's no way for the government to meet that burden in such instances, but, of course, it would be easy enough for the taxpayer to do that, either through her own testimony or, in some cases, through the testimony of others. For example, she's speculated. She's not actually introduced evidence saying that she was the titular head only of Rich Tree and White Pearl. She suggested that. She's argued that in her briefs, but she's not actually come forward and put in evidence that this is how the companies operated or that that was her role in the companies. She could have done that with her own testimony. She possibly could have done that through the testimony of her family members who are running these companies and who she suggested that she was just doing a favor for. If she was really just doing a favor for them and had no actual responsibilities, one of them could have come in and testified that that was her role in the company. She chose not to call any of them as witnesses, either. But you don't make any claim that it isn't the government. A government must make an initial showing meeting those four factors. That's correct. Yes, obviously, to prove contention. So the only one that's really in contention is whether she, by her conduct, violated the terms of the decree and had knowledge or at least constructive knowledge of a violation. And what you said is because she didn't take and district court quizzed you about this a good deal, what sort of steps could have been taken to demonstrate that? And you set forth a bunch of them and you set forth some here today, right? That's correct, Your Honor. All right, thank you. Thank you. All right. So I want to just touch briefly on the subsequent efforts issue which my colleague addressed, and we don't claim they're part of the record either. And do you claim that she has purged your contempt? We have not filed a motion asking the court to determine that. I personally believe she has, but that hasn't been determined. So the case is not moved. I'm asking you to find that. Okay, thank you. But I just want to. Well, even if she had made a claim that she had purged herself of contempt, there would still remain the monetary amounts that were exacted as a result of her civil contempt. So I would suspect that for that reason she'd still be contesting the payments, and it would not be moved. I believe that's most likely, but I'm speculating because it's not that issue. But I just want to use that to illustrate something. You asked my colleague about the subsequent efforts, and I've been involved in those subsequent efforts, and they've included contacting banks around the world, asking for records way beyond the three that were in the contempt finding, way beyond the corporations or the financial accounts identified in the district court's order, because we've been trying to satisfy the government and reach an agreement on it. But what it illustrates is this. We have this order that's enforcing a summons, right? But the summons doesn't say – it says only a vague category of documents. So what the government's argument is is that once the court orders enforcement of the summons, what the district court, by shifting the burden to us, is basically saying is that as long as the IRS says that there's some documents from some place, and you don't disprove it, you're in contempt. And the only way you can get out of it is if you waive your Fifth Amendment privilege. That seems to me to be inconsistent with the law of contempt, which has always placed the burden on the moving party. And how do you show that someone's in contempt of a production – of an order to produce specific documents is by – or a category of documents is by showing that you could have produced other documents. You keep talking about this burden question as an either-or matter, but it really is just a classic case of shifting, of burden shifting. You know, we see it in a Title VII scheme all the time. The government has the initial obligation to come forward with the – in meeting the four or five factors to show that they have an enforceable subpoena. And then, as I understand it, the burden then shifts to you, that once the government has made an initial showing, to indicate that you've made reasonable attempts to comply. And you say you have, and the government says you haven't. But I just wonder if this burden shifting thing – it's not all on one party or another. It's just a question of a burden shifting scheme, which is common to subpoena law. That happens all the time. The issue that I'm raising is that to shift the burden – I mean, in every burden shifting scheme, Title VII, in summary judgment, and everywhere else, there is a burden to meet, obviously. And I'm saying that in order to show noncompliance, with an order to produce general categories of documents, the burden is to show that there are other documents out there that weren't produced. And to address the question about, oh, how does the government prove that? It's possession, custody, or control. So the government can show control pretty easily. It has nothing to do with knowing what's in the files in the home of the respondent. In order to show control, they need to show a certain relationship. Let's look at the financial accounts here. What did they bring forward? They brought forward a 2003 document. As we've indicated, the government is not in a comparable position – not in a position that your client is to know where the records are and who possesses them. But if you bear the burden of showing that you've made reasonable steps to comply with it, there are lots of ways in which you can satisfy that burden. And you can say – and I think Judge Diaz touched upon this earlier – you can say, I've tried to get the records. I'm no longer corporate secretary. I've been denied access to these records. Or these records are not in my possession. Here's who has them. I mean, those kinds of things are made – those kind of showings are made all the time. And it didn't – as far as I could see, it didn't – the record didn't indicate to me that those standard kinds of showings about this is where the records are, this is where I can't get to them, this is who has them, etc., etc. It didn't seem to me that you came forward with that. And as I understand it, that part of it is something that you do need to come forward with when you get down to the point in the burden-shifting scheme that you're showing reasonable efforts and reasonable steps were taken to comply with what seems initially on the government's – on the government's burden to be a facially valid subpoena or facially valid production order. And it's – I'm sorry, because I don't think it's – I don't think the structure here in the burden-shifting scheme here is all that difficult. I see it really more not as a question of law, but as a simple question of fact, which a district court is in a good position to ferret out. And that is whether you've done what you could to comply with a facially valid production order. That's what it is. That's all it is. And that's – that's heavily factual. I agree that it's heavily factual. But again, I think that there's also the legal issue of who must prove noncompliance. The burden aside, the order is valid, everything else still has to show noncompliance. And who has to prove that, I believe, is the key issue that the district court erred on. All right. Thank you, sir. Thank you. We're going to come down and brief counsel, and then we'll take a brief recess and come back for our next two cases. This honorable court will take a brief recess. Thank you.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Albert Diaz